DMB:MSA
2010R01370

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M10- 816**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

SASHA GEORGE,
RYAN MENDEZ and
ANTOINE MORRIS,

             Defendants.

- - - - - - - - - - - - - - - - X

COMPLAINT

(T. 18 U.S.C. 1951(a))

EASTERN DISTRICT OF NEW YORK, SS:

       TYRONE BUTLER, being duly sworn, deposes and says that he is a detective with the New York City Police Department ("NYPD"), assigned to the Joint Firearms Task Force, duly appointed according to law and acting as such.

       On or about July 14, 2010, within the Eastern District of New York, the defendants SASHA GEORGE, RYAN MENDEZ and ANTOINE MORRIS did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, to wit: goods and proceeds of sales of goods at Autozone, 1455 86th Street, Brooklyn, New York.

       (Title 18, United States Code, Section 1951(a)).

The source of your deponent's information and the grounds for his belief are as follows:

1.    I have been a Detective with the NYPD for 19 years, and currently am assigned to the Joint Firearms Task Force ("JFTF").  During my tenure with the NYPD and the JFTF, I have investigated various robberies and gun trafficking cases.  During the course of those investigations, I have conducted physical surveillance, undercover operations, debriefed cooperating witnesses and confidential informants, and interviewed civilian witnesses.

2.    Because this affidavit is being submitted for the purpose of establishing probable cause to arrest, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause.  The information set forth below is based upon my training and experience as an NYPD Detective and deputized JFTF officer, my review of documents and other evidence, debriefing of witnesses, and my discussions with law enforcement officials.  Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part only.

3.    I am informed by NYPD Officer Ralph Cilento that, on or about July 14, 2010, at approximately 9:42 p.m., he and his partner were ordered to respond to a 911 call reporting a robbery in progress at Autozone at 1455 86th Street, Brooklyn, New York.

Moments later, Officer Cilento arrived at Autozone and found the door locked, even though the posted hours showed that the store did not close until 10:00 p.m. After a short period, an individual whose identity is known to the government, later identified as an Autozone employee, appeared from the back of the store and motioned to the officers that the store was closed. The officers signaled that they wanted to enter, but the employee continued to gesture that the store was closed. The officers called for assistance from additional police units.

4.     Additional units arrived and surrounded the Autozone. After another short period, the defendant ANTOINE MORRIS came out of the store's rear entrance wearing an Autozone employee shirt. MORRIS claimed to work in the store. Officers asked MORRIS for the store's telephone number, but he was unable to provide it. MORRIS was arrested.

5.     Officers entered the store and found the defendant SASHA GEORGE hiding on a heat duct and the defendant RYAN MENDEZ hiding on a shelf.

6.     NYPD Detective John Walker informed me that he spoke about the robbery with a store employee ("E-1"), whose identity is known to the government. E-1 stated that two men and a woman entered the store with their faces covered. The two men were armed with what appeared to be handguns. E-1 reported that the three robbers ordered the employees to the office in the back

of the store, told the employees to lie face-down on the floor
and give the robbers their cellular telephones.

7.   E-1 further reported that one of the armed men
ordered an employee to open the store safe.  E-1 said that, once
the safe was opened, the female robber removed a tray with money
in it.  Two other employees with whom Detective Walker spoke also
reported that two of the robbers were armed with what appeared to
be handguns.

8.   I have reviewed surveillance video taken inside
the Autozone at the time of the robbery.  The video shows three
masked individuals entering the Autozone, two of whom were
holding what appear to be handguns.  The video further shows the
employees walk to the store's back office and lie on the ground,
with the robbers pointing the guns at them.  The video further
shows an employee open the safe located in the office with the
robbers standing a few feet away.  The video depicts one of the
robbers removing what appears to be currency from the safe.  The
video further shows MORRIS pacing at the rear of the store,
eventually changing from the clothes he had on during the robbery
into an Autozone shirt, and leaving through the rear door of the
store.

9.   When the police apprehended GEORGE and MENDEZ,
both had on the same clothes that the video shows them wearing
during the robbery.  Inside the store, police officers also found
garments that the video shows MORRIS wearing during the robbery,

which he abandoned in favor of the Autozone shirt we wore when
police arrested him.

10.   After apprehending the defendants GEORGE and
MENDEZ, officers searched the store and discovered an imitation
handgun hidden inside.

11.   I am further informed that Autozone is a national
chain of automotive product stores headquartered in Memphis,
Tennessee.

WHEREFORE, your deponent respectfully requests that the
defendant be dealt with according to law.

DET. TYRONE BUTLER
New York City Police Department

Sworn to before me this
16th day of July 2010

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK